[Cite as *Curtis v. Ohio Dept. of Transp.*, 2009-Ohio-7150.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIMBERLY E. CURTIS

    Plaintiff

    v.

OHIO DPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-06443-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} On July 10, 2009, at approximately 10:30 a.m., plaintiff, Kimberly E. Curtis, was traveling west on Interstate 70 "between the Mound St exit and Sullivant Rd exit" in Franklin County, when her 2007 Chevrolet Cobalt struck a large piece of dislodged pavement material causing substantial damage to her car. Plaintiff provided the following written description of her damage incident noting: "[t]he vehicle in front of me somehow pulled a rock loose in the pavement. I couldn't stop or swerve in time to miss it. The rock was huge and I ran over it. It hit down the center of my car and actually lifted the car off the ground." Plaintiff asserted the damage to her automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects, such as the dislodged pavement condition. Plaintiff filed this complaint seeking to recover $500.00, her insurance coverage deductible for automotive repair. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a debris condition between "state mileposts 98.06 and 97.86 on I-70 in Franklin County" prior to plaintiff's property damage event.

Defendant suggested "the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Plaintiff, in her complaint, confirmed the fact the damage-causing debris condition existed seconds before her incident considering she stated the car traveling in front of her dislodged the pavement material that her car then ran over.

{¶ 3} Defendant contended plaintiff did not produce sufficient evidence to establish her property damage was attributable to any conduct on the part of ODOT. Defendant pointed out plaintiff acknowledged an unidentified third party motorist dislodged the pavement material that ultimately damaged her car. Defendant asserted ODOT cannot be held liable for the acts of an unidentified third party. Defendant argued plaintiff has failed to prove her damage was proximately caused by ODOT breaching any duty of care owed to her in regard to roadway maintenance. Defendant advised the ODOT "Franklin County Manager conducts roadway inspections on all state roadways on a routine basis, at least one to two times a month." Apparently, no problems were detected regarding pavement conditions between mileposts 98.06 and 97.86 on Interstate 70 the last time that section of roadway was inspected prior to July 10, 2009. Defendant's records show ODOT personnel conducted pothole patching operations in the vicinity of plaintiff's incident on February 5, 2009, February 6, 2009, February 20, 2009, February 22, 2009, February 23, 2009, March 6, 2009, April 15, 2009, April 28, 2009, June 14, 2009, June 21, 2009, June 22, 2009, June 23, 2009, and June 24, 2009. Other maintenance activity was conducted in the vicinity of plaintiff's incident by ODOT personnel on June 22, 2009 and June 23, 2009. There is no record of ODOT maintenance activity between mileposts 98.06 and 97.86 on Interstate 70 during the period from June 24, 2009 to July 10, 2009.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or

constructive notice of the debris alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. No evidence has been produced to establish ODOT had any notice of the damage-causing debris condition or that the condition was created as a result of maintenance activities.

{¶ 6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Evidence in the instant action tends to show plaintiff's damage was caused by an act of an unidentified third party, not ODOT. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact,

determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 8} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 9} Plaintiff has failed to establish her damage was proximately caused by any negligent act or omission on the part of ODOT. In fact, the sole cause of plaintiff's injury was the act of an unknown third party which did not involve ODOT. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIMBERLY E. CURTIS

Plaintiff

v.

OHIO DPT. OF TRANSPORTATION

Defendant

   Case No. 2009-06443-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


        Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                                            _____
                                                            DANIEL R. BORCHERT
                                                            Deputy Clerk


Entry cc:


Kimberly E. Curtis                          Jolene M. Molitoris, Director
494 Westmoor Pl.                          Department of Transportation
Columbus, Ohio  43204                  1980 West Broad Street
                                                  Columbus, Ohio  43223

RDK/laa
10/20
Filed 11/5/09
Sent to S.C. reporter 2/25/10